IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEAM ELIAS JIMENEZ-MARTINEZ, A#220-511-764, Petitioner, v. WARDEN, Joe Corley Processing Center, Respondent. | § § § § § § § § § § § § | CIVIL ACTION NO. H-25-5842 |

### ORDER TO ANSWER

The petitioner, Leam Elias Jimenez-Martinez (A #220-511-764), is currently in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Joe Corley Processing Center in Conroe, Texas.[1] The petitioner is represented by counsel and has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1), challenging his continued confinement. He has also filed a

---

[1] The warden of the Joe Corley Processing Center is substituted as the sole respondent in place of the other listed respondents because he is the petitioner's immediate custodian as the warden of the facility where the petitioner is detained. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2720 (2004) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."); see also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

Petition for Temporary Restraining Order ("Petition for TRO") (Docket Entry No. 4 and Docket Entry No. 5).[2]

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[3] requires the court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. Having conducted the required examination, and pursuant to 28 U.S.C. § 2241, et seq., the court **ORDERS** as follows:

1. The Clerk shall deliver copies of the Petition (Docket Entry No. 1), the Petition for TRO (Docket Entry No. 4 and Docket Entry No. 5), and this Order to the United States Attorney for the Southern District of Texas, Nicholas J. Ganjei, by <u>certified mail return receipt requested</u> to the Civil Process Clerk, United States Attorney's Office, 1000 Louisiana St., Suite 2300, Houston, TX 77002, and by electronic mail to USATXS.CivilNotice@usdoj.gov.

2. The Clerk shall also serve copies of the Petition (Docket Entry No. 1), the Petition for TRO (Docket Entry No. 4 and Docket Entry No. 5), and this Order by certified mail upon: (1) the United States Attorney General, U.S. Department of Justice, 950

---

[2] The Petition for TRO has been docketed at Docket Entry No. 4 and at Docket Entry No. 5. The Petition for TRO at both docket entries appears to be identical.

[3] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. <u>See</u> Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

Pennsylvania Avenue NW, Washington, D.C. 20530-0001; and (2) Warden, Joe Corley Processing Center, 500 Hilbig Road, Conroe, TX 77301.

3. The respondent shall file an answer or other appropriate responsive pleading within **thirty (30) days** of the date of service. See Fed. R. Civ. P. 12(a)(2). The respondent shall forward a copy to the petitioner. Any dispositive motion that presents matters outside the pleadings may be treated as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

4. In addition to any defense (in law or fact) to a claim for relief by the petitioner, the respondent's answer shall contain: (a) a statement of the authority by which the petitioner is held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those judgments were entered; and (b) a statement as to whether the petitioner has exhausted all available administrative remedies.

5. The petitioner shall file a response within **twenty (20) days** to any answer or dispositive motion filed by the respondent. Under this court's Local Rule 7.4, any failure to respond to a motion filed by the respondent "will be taken as a representation of no opposition." S.D. Tex. R. 7.4. <u>Failure of the petitioner to respond to the respondent's motion within the time allowed may result in dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure</u>.

6.  In addition to the Warden of the Joe Corley Processing Center, the petitioner lists the following additional respondents: Bret A. Bradford, the Houston Field Office Director for ICE; Kristi Noem, Secretary of the Department of Homeland Security; and Pam Bondi, the U.S. Attorney General. The court questions whether any of the respondents other than the Warden of the facility where the detainee is being held are properly included in this petition. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2720 (2004) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."); see also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). The court does not order a response from the respondents other than the Warden of the Joe Corley Processing Center at this time.

The Clerk shall provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this 9th day of December, 2025.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE