United States District Court
Southern District of Texas
**ENTERED**
January 30, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEAM ELIAS JIMENEZ MARTINEZ | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-5842 |
| | § | |
| RAYMOND THOMPSON, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Leam Elias Jiminez Martinez ("Petitioner"), a citizen of Venezuela, entered the United States without inspection on October 3, 2021.[1] On October 8, 2021, Petitioner was arrested, placed in removal proceedings, and released from immigration custody on his own recognizance.[2] On November 14, 2025, Petitioner was taken into immigration custody at his wife's Immigration and Customs Enforcement ("ICE") check-in.[3] Under the Board of Immigration Appeals' decision in Matter of Yajure Hurtado, Petitioner was

---

[1]Petition for Habeas Corpus, Docket Entry No. 1, p. 11 ¶ 49; Passport, Exhibit 1 to Petition for Habeas Corpus, Docket Entry No. 1-1, p. 3.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Petition for Habeas Corpus, Docket Entry No. 1, p. 11 ¶ 50; Order of Release on Recognizance, Exhibit 1 to Petition for Habeas Corpus, Docket Entry No. 1-1, p. 5.

[3]Petition for Habeas Corpus, Docket Entry No. 1, p. 12 ¶ 56.

detained under § 1225(b)(2) and is not eligible for a bond hearing.[4] Petitioner remains in immigration custody.

Pending before the court is Petitioner's Petition for Habeas Corpus (Docket Entry No. 1). Petitioner asserts that he is entitled to a bond hearing under § 1226 because he was already present in the United States at the time of his arrest. Citing Zadvydas v. Davis, 121 S. Ct. 2491 (2001), Petitioner also asserts that his detention without a bond hearing to determine whether he is a flight risk or danger to the community violates due process.[5]

Also pending before the court is the Federal Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgement ("Respondents' MSJ") (Docket Entry No. 19). Respondents argue that Petitioner can legally be detained under § 1225(b)(2) because he is an applicant for admission.[6]

As the court explained in Cabriales v. Noem, Civil Action Number H-25-4908 (S.D. Tex. 2026), § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest. The court's analysis and holding applies in this case.

Petitioner relies on Zadvydas to argue that his detention violates his due process rights. In Zadvydas the Court "explicitly

---

[4]Id. at 2 ¶¶ 4-5.

[5]Id. at 14 ¶ 70; Petitioner's Response in Opposition to Respondents' Motion for Summary Judgment, Docket Entry No. 21, pp. 12-14.

[6]Respondents' MSJ, Docket Entry No. 19, pp. 13-18.

distinguished post-removal-period detention (which has no obvious termination point, thus requiring a constitutional constraint on unbounded detention) from 'detention pending a determination of removability.'" Benitez v. Bradford, Civil Action Number 4:25-cv-06178, 2026 WL 82235, at *2 (S.D. Tex. Jan. 8, 2026) (quoting Zadvydas v. Davis, 121 S. Ct. 2491, 2503 (2001)). Zadvydas thus does not establish "that detention during removal proceedings itself violates due process." Sanchez v. Smith, Civil Action Number 4:25-cv-05384, 2025 WL 3687914, at *3 (S.D. Tex. Dec. 19, 2025). "Instead, as the Supreme Court in Demore later [held], '[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)).

Because § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest and because detention during removal proceedings is a constitutionally permissible part of that process, the motion for summary judgment by the Respondents will be granted, and the petition for a writ of habeas corpus will be denied.

Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, for Summary Judgment (Docket Entry No. 19) is **GRANTED** and Petitioner's Petition for Habeas Corpus (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 30th day of January, 2026.

```
                            _____
                                       SIM LAKE
                          SENIOR UNITED STATES DISTRICT JUDGE
```